782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STOJILKO KAJEVIC, Petitioner-Appellant,
v.
BENJAMIN F. BAER, ET AL., Respondents-Appellees.
 84-1498
 United States Court of Appeals, Sixth Circuit.
 12/9/85
 ORDER
 
 1
 BEFORE: KEITH and KENNEDY, Circuit Judges; and UNTHANK, District Judge.*
 
 
 2
 Kajevic appeals pro se from the district court's judgment denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Kajevic is incarcerated at the federal prison in Milan, Michigan. He was convicted by a jury in a federal district court in Chicago of various offenses related to a conspiracy by Serbian nationalists to bomb locations where Yugoslavian officials could be found. Kajevic's habeas corpus petition challenges a decision by the federal Parole Commission to deny him parole. The district court found all of Kajevic's issues to be without merit and denied the writ.
 
 
 4
 On appeal, Kajevic raises four issues: that federal law enforcement officials cooperated with the Yugoslavian Secret Police to bring about the denial of Kajevic's parole, that the Commission abused its discretion by relying on false information, that the Commission's decision was influenced by media pressure, and that the Commission incorrectly changed Kajevic's offense severity rating. The first issue was not raised in the district court and will not be considered on appeal. Ruip v. United States, 555 F.2d 1331, 1337 (6th Cir. 1977).
 
 
 5
 Concerning the second issue, the district court found that a report by the United States District Attorney provided the basis for the Parole Commission's decision. Therefore, there was no abuse of discretion when Kajevic was denied parole. Adams v. Keller, 736 F.2d 320, 324 (6th Cir. 1984). The court also held that the national media attention concerning Kajevic's case was properly used to vest original jurisdiction in the National Commissioners but did not effect the substantive decision made by those Commissioners. Christopher v. United States Parole Commission, 589 F.2d 924, 932 (7th Cir. 1978). Finally, the district court held that because Kajevic was sentenced under 18 U.S.C. Sec. 4205(b)(2) does not mean that he was automatically entitled to parole after service of one-third of his sentence. That subsection only guarantees parole eligibility, not actual release. United States v. Addonizio, 442 U.S. 178, 188-89 (1979); accord, Hayward v. United States Parole Commission, 659 F.2d 857, 860-61 (8th Cir. 1981), cert. denied, 456 U.S. 935 (1982); Shahid v. Crawford, 599 F.2d 666, 669-70 (5th Cir. 1979). We agree with these conclusions of the district court.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable G. Wix Unthank, U.S. District Judge for the Eastern District of Kentucky, sitting by designation